Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Courtney R. Pratten
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | NO: 1:23-CR-02055-SAB |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S SENTENCING MEMORANDUM |
| FORREST ETHAN WANOUS, | ) | |
| Defendant. | ) | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman and Courtney R. Pratten, Assistant United States Attorneys, submits the following Sentencing Memorandum.

GOV'T SENT. MEMO.                    1

I. <u>Base Offense Level and Enhancements</u>

The Presentence Investigation Report (PSIR) provides for a total offense level of 7, and a criminal history category of IV, with a recommended guideline range of 8 - 14 months. ECF 35, ¶ 132. The United States agrees with the guideline calculations in the PSIR. Further, the United States does not have any objections to the PSIR.

II. <u>Departures</u>

The United States does not seek any departures in this matter.

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

III. <u>Sentencing Factors Under 18 U.S.C. §3553(a)</u>

1. <u>The nature and circumstances of the offense and the history and characteristics of the defendant.</u>

On February 25, 2023, a Burlington Northern Santa Fe (BNSF) railroad train was stopped at the train station in Wishram, Washington. ECF 35, ¶ 9. The train experienced a delay prior to proceeding on its route along the Columbia River. *Id.* at ¶ 10. While the train was delayed, an individual drove into the train station parking lot and parked. *Id.* at ¶ 11. Security footage from the station then showed that

individual approached and went between multiple train cars for about four minutes and then went back to his vehicle. *Id.*

The train was cleared to procced when the crew received an alert from the Distributed Power (DP) indicating there was a fault with the braking system. *Id.* at ¶ 12. The alert indicated the system was not functioning properly, and the crew discovered multiple brake angle cocks were in the incorrect position and a handbrake had been partially enabled. *Id.* at ¶ 12.

After further investigation, law enforcement identified the individual seen on the train station security footage as the defendant, and they confronted him with this information. *Id.* at ¶ 16. The defendant initially denied tampering with the train on February 25, 2023. *Id.* at ¶ 16. He has since admitted to tampering with the train and disabling the on-track railroad equipment. *Id.* at ¶ 17.

The defendant got his first criminal conviction in 1997 at the age of thirty-two. *Id.* at 39. Based on the information currently available in the PSIR, at least six of the eight convictions he subsequently obtained were related to his decades-long battle with alcohol. The defendant's battle with alcohol is well-documented in the PSIR beyond the criminal history section. Both the defendant and his mother acknowledged the defendant's drinking to the PSIR author. *Id.* at ¶¶ 80, 85. Additionally, in the instant case, the defendant interfered with the train and the on-track railroad equipment while he was intoxicated. *Id.* at ¶ 17.

The Government's recommendation in this case is for a sentence of no incarceration – credit for time served, and the parties are making a joint recommendation for five-years' probation. This sentence both acknowledges the amount of time the defendant has spent in custody already and allows the court to still be able to monitor the defendant for a significant period. In fact, a probation sentence of five years allows a longer period of supervision than if the Court imposed the maximum recommended period of incarceration under the guidelines, which would be fourteen months, followed by the maximum allowable term of supervised release.

Additionally, the sentence the Government is recommending allows the defendant to try to continue to address the seeming root of many of his troubles – which is his struggle with alcohol. In fact, earlier this month the defendant was released to American Behavioral Health Service for inpatient treatment and in taking the step to engage in inpatient treatment, he is demonstrating his commitment to move forward from the instant case and improve the choices he makes in his life. ECF 34.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The defendant's conduct was serious and it's fortunate no one was hurt, and no property damage was sustained as a result of his actions. That said, the defendant has taken responsibility for his actions by entering his guilty plea and he has taken a serious step in beginning to address some of the circumstances that led to his conduct in the instant case when he embarked on inpatient treatment. The United States

agreed to a five-year joint recommendation for probation because the defendant's conduct was serious and five years of federal probation is serious. As stated above, the defendant will be subject to the Court's supervision under this recommendation for a longer period of time than he would be if the Court gave him the highest recommended guideline sentence of incarceration and the highest recommended term of supervised release. Moreover, federal probation, especially for such a lengthy term, is no easy undertaking.

    3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.</u>

A five-year sentence of probation should be adequate to deter further criminal conduct by the defendant – as well as to deter similarly situated defendants who are tempted to tamper with railroad cars and potentially endanger lives and/or property in the same manner. Because the Government anticipates the sentence will act as an effective means of specific deterrence, the Government also anticipates it will effectively protect the public from further crimes the defendant may commit.

IV.

For the reasons outlined above, the Government recommends that the Court impose a sentence of no incarceration – credit for time served, and the parties are making a joint recommendation for five-years' probation.

DATED this 27th day of February, 2024.

VANESSA R. WALDREF
United States Attorney

*/s/Courtney R. Pratten*
Courtney R. Pratten
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification to the counsel of record in this case.

*/s/ Courtney R. Pratten*
Courtney R. Pratten
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
